UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11912-GAO

JOHN L. WATERS,
and all others similarly situated,
Plaintiffs,

v.

RICHARD H. KREAM and R. MARK SEITSINGER, d/b/a KREAM & KREAM,
Defendants.

OPINION AND ORDER
March 16, 2011

O'TOOLE, D.J.

The plaintiff, John Waters, alleges that the defendants sent him a collection letter that violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Massachusetts General Laws chapter 93A ("Chapter 93A"). The defendants have moved for summary judgment as to all claims; the plaintiff has cross-moved for partial summary judgment as to liability on the claims asserted in Counts I, III, V, and VI in his Amended Complaint.

## I. Background

The plaintiff allegedly owed a credit card debt to Citibank, which Citibank assigned to Velocity Investments, LLC. Velocity Investment's attorneys, the defendants in this case, sought collection of the alleged debt. To collect this debt, the defendants filed a civil complaint against the plaintiff in Concord District Court in February 2008. In March 2008, the plaintiff was served by a deputy sheriff with a summons and complaint for the case in the Concord District Court.

The summons stated:

> You are hereby summoned and required to serve upon R. Mark Seitsinger, Esq., plaintiff('s attorney) . . . a copy of your answer to the complaint which is herewith served upon you, within 20 days after the service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.
>
> Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

(Decl. of Kara Thorvaldsen in Supp. of Defs.' Mot. for Summ. J. Ex. 4 (dkt. no. 34) [hereinafter Thorvaldsen Decl.].)

In April 2008, the defendants sent a letter to the plaintiff that said:

> The Sheriff informs us that he has served you with a Summons to appear in Court.
>
> We suggest that you make arrangements with this office for settlement so that additional costs of court may be avoided by you. If you are unable to pay this balance in full, please contact the office and make arrangements for a regular payment schedule.
>
> If we do not hear from you upon your receipt of this letter we will proceed with litigation.

(Thorvaldsen Decl. Ex. 6.)

The plaintiff claims, first, that the letter violated state and federal consumer protection statutes because the statements in the letter were false, deceptive, and misleading in violation of 15 U.S.C. § 1692e of the FDCPA (Counts I & III); second, that they amounted to an unfair means to attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA (Counts II & IV); and, third, that the statements, because they violated the FDCPA, amounted also to violations of Chapter 93A (Counts V & VI). The defendants have moved for summary judgment

on all counts, and the plaintiff has moved for partial summary judgment as to all counts except those alleging violations of 15 U.S.C. § 1692f.

## II. Discussion

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine issue exists where the evidence is sufficient for a reasonable trier of fact to return a verdict in favor of the nonmoving party." Martinez-Rodriguez v. Guevara, 597 F.3d 414, 418 (1st Cir. 2010). In deciding a motion for summary judgment, the court "must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor." Sparks v. Fidelity Nat'l Title Ins. Co., 294 F.3d 259, 265 (1st Cir. 2002).

The FDCPA is a statute "enacted to protect debtors from abusive debt collection practices." Chiang v. Verizon New Eng., 595 F.3d 26, 41 (1st Cir. 2010); see also 15 U.S.C. §§ 1692-1692f. It forbids debt collectors from the use of "unfair or unconscionable means to collect or attempt to collect any debt" and from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e-1692f. Under the FDCPA, a representation from a debt collector is deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). The fact that terminology in the representation is "vague or uncertain will not prevent it from being held deceptive" under the FDCPA. Id. At the same time, the FDCPA "does not require clarity in all writings" and is not a command to write "at a sixth-grade level." Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 473 (7th Cir. 2007). To recover damages, a consumer need not show intentional conduct on the part

of the creditor. Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). The statute imposes strict liability. Id.

To determine whether a defendant has violated the FDCPA, most courts apply a "least-sophisticated consumer" standard. See, e.g., id.; Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).[1] Under this standard, the jury must view a creditor's representations through the eyes of a "least sophisticated consumer." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1195 (11th Cir. 2010). This standard, while protecting naïve consumers, "also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting United States v. Nat'l Fin. Servs., 98 F.3d 131, 136 (4th Cir. 1996)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). Under the generally approved standard, a "least sophisticated consumer" is not obliged to closely parse the words of a communication in order to divine its meaning. The reciprocal is also true: a "least sophisticated consumer" would not be expected to do so. The substance of the communication, read as a whole, matters more than its linguistic construction. See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002); see also Evory v. RJM Acquisitions Funding, LLC, 505 F.3d 769, 776-77 (7th Cir. 2007).

In the present case, the substance of the communication was clear and direct: "You have been served with process in a court case. If you get in touch with us, we may be able to come to a settlement. If that happens you will be spared the costs of defending the case in court." This was

---

1 The Seventh Circuit prefers the term "unsophisticated consumer." Gammon v. G.C. Serv.

not a “pay up or else” letter. It was an invitation to negotiate. It did not purport to advise the plaintiff as to his obligations, such as by telling him he had to do something specific. The reference to the “Summons to appear in Court” was, in the context of the entire letter, simply a way of introducing the nub of the letter, which was the suggestion that the plaintiff get in touch with the lawyers. The statement that additional costs of court could be avoided if he did so was more or less a statement of the obvious—if court proceedings could be avoided, costs would be saved.

The parties spend considerable effort fencing about the meanings to be ascribed to the words “appear” and “costs of court.” Should they be understood in their common meaning, or as they may be terms of legal art? In the course of the debate, the parties each switch sides, the plaintiff arguing for the plain meaning of “appear” but the specialized legal meaning of “costs of court,” and the defendants doing the opposite. But the debate is ultimately beside the point. The question is whether the communication, fairly understood as a whole as it might be by even a “least sophisticated consumer,” was an “unfair or unconscionable means to collect or attempt to collect any debt,” see 15 U.S.C. § 1692f, or a “false, deceptive, or misleading representation or means in connection with the collection of any debt,” see 15 U.S.C. § 1692e. As a matter of law, it was not. See McStay, 308 F.3d at 191; Evory, 505 F.3d at 776-77.

The Chapter 93A claims were predicated on the putative violations of the FDCPA. Since there was no underlying violation of the latter, there was no unfair or deceptive act or practice in violation of the former.

## **III. Conclusion**

The defendants' motion for summary judgment is GRANTED. The plaintiff's cross-motion for partial summary judgment is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge